IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| King J. Garland (#B-53182), | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Case No. 15 C 50305 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Equifax, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to file *in forma pauperis* [#5] is granted. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue. The Court dismisses the complaint [#1] without prejudice. Plaintiff must submit an amended complaint by January 29, 2016, if he wishes to proceed with this case. The Clerk is directed to send Plaintiff an amended complaint form, along with a copy of this order and the attached Annual Credit Report Request form, Federal Trade Commission Free Credit Report information pamphlet, and inmate profile. Plaintiff's failure to comply with this order by the above date will result in summary dismissal of this case. Plaintiff's motions for service of process at government expense [#4] and for attorney representation [#6] are denied without prejudice.

## STATEMENT

Plaintiff King Garland, an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 15 U.S.C. § 1681n. Plaintiff claims that Defendants, each of the three major credit reporting agencies, have violated Plaintiff's statutory rights by refusing to send him a credit report, as requested. Plaintiff contends that Defendants have either ignored his requests or wrongfully required him to produce documentation to verify his identity—documents Plaintiff, as an Illinois inmate, is not permitted to possess. Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, and his complaint for initial review under 28 U.S.C. § 1915(e).

The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $44.79 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of

incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Blake v. Doyle*, No. 99 C 5365, 1999 WL 1044211, at *1 (N.D. Ill. Nov. 9, 1999). Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint on file fails to state a claim as a matter of law.

Courts screen *pro se* plaintiffs' claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Holland v. Lake Cnty. Mun. Gov't*, 605 F. App'x 579, 580 (7th Cir. 2015). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

### **Facts**

Plaintiff alleges the following facts, assumed true for purposes of the Court's threshold review: Plaintiff expects to remain incarcerated until 2022 and worries about the potential for identity theft while he remains behind bars. To alleviate his concerns, Plaintiff has written to Defendants, the three national credit reporting agencies (Equifax, Experian, and TransUnion), to request the free annual credit report to which he is statutorily entitled. [The complaint is devoid of dates; the Court will assume that Plaintiff's efforts were recent.]

Equifax and Experian failed to respond to Plaintiff's requests. Only TransUnion responded. TransUnion sent Plaintiff a standard "disclosure request" form requesting proof of his identity, such as a Social Security card, a letter from the Social Security administration, a birth certificate, or some other documentation. Plaintiff wrote back to TransUnion to inform them that, as a prisoner, he is not allowed to possess any of the documentation requested by the agency. TransUnion did not reply to Plaintiff a second time. Plaintiff insists that any TransUnion employee could easily verify that he is incarcerated by accessing the Illinois Department of Corrections website.

**Analysis**

Even accepting Plaintiff's factual allegations as true, the Court discerns neither a viable equal protection claim nor a "willful violation" of the Fair Credit Reporting Act. Plaintiff failed to follow proper procedures for obtaining his free annual credit report; regardless, TransUnion properly demanded proof of identity.

The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1651, *et seq.*, requires each of the national credit reporting companies to provide consumers, upon request, with a free copy of their credit report once every twelve months. 15 U.S.C.A. §§ 1681g, 1681j(a)(1)(A). The duties the FCRA imposes upon credit reporting agencies are enforceable through a civil suit for noncompliance. *See* 15 U.S.C. §§ 1681n, 1681o (authorizing a private right of action for a reporting agency's negligent or willful noncompliance). However, rather than writing to the individual reporting agencies, consumers are required to use a centralized source, annualcreditreport.com. 15 U.S.C. § 1681j(a)(1)(B).

In the case at bar, Plaintiff did not take the proper steps in contacting each of the individual reporting agencies. Plaintiff must instead mail an "Annual Credit Report Request Form" to the central service agency in Atlanta, Georgia (assuming the option of calling the toll-free number of using the website is unavailable to him). The Court notes that the form does not call for any documentation concerning proof of identity; nevertheless, Plaintiff may wish to attach a copy of his inmate profile to his request. The Court has taken the liberty of printing out the credit report form for Plaintiff, along with a consumer information brochure from the Federal Trade Commission and an IDOC inmate printout.

Even assuming (without finding) that the individual reporting agencies did have a duty to respond to Plaintiff's requests, TransUnion did not violate his statutory rights by requiring proof of identity. Concurrent with the obligation to provide a free annual credit report, a reporting agency has a duty to safeguard the consumer's information by requiring that the consumer provide "proper identification" before a credit report is sent to him. *See* 15 U.S.C. § 1681h. Under 15 U.S.C. § 1681h(a)(1), "A consumer reporting agency shall require, as a condition of making the disclosures required under section 1681g of this title, that the consumer furnish proper identification." To that end, the regulations require reporting agencies to "develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity." 12 C.F.R. § 1022.123(a). In doing so, reporting agencies must ensure that the proof of identity information is sufficient "to match consumers with their files" and they must "[a]djust the

[required] information" so that it is "commensurate with an identifiable risk of harm from misidentifying the consumer." *Id.* Examples of "[a]dditional proof of identity" might include "[c]opies of government issued identification documents." 12 C.F.R. § 1022.123(b)(1). A consumer's failure to provide sufficient information about his identity may absolve the reporting agency of its duty to provide a credit report. *See Bentley v. Providian Fin. Corp.*, No. 02 CV 5714, 2003 WL 22234700, at *6 (S.D.N.Y Apr. 21, 2003) (credit reporting agency was not liable under the FRCA for its refusal to provide credit report to plaintiff who did not furnish sufficient identifying information).

It is regrettable that the FCRA statute does not take into account the status of prisoners, but TransUnion appears to have adhered to rather than violated the Fair Credit Reporting Act. In an attempt to verify Plaintiff's identity, Defendant TransUnion asked for identity verification, specifying various documents that would satisfy this requirement.

The Court finds that it is "beyond question" that Defendant's request for verification of identity was reasonable, regardless of the fact that the requested information is not readily available to Plaintiff. A request for a complete Social Security number and for documents verifying that the number belongs to Plaintiff are requirements "commensurate with" the heightened "risk of harm arising from … misidentif[ication]." 12 C.F.R. § 1022.123(a). Credit reporting agencies cannot reasonably be expected to be familiar with prison regulations in the fifty states; furthermore, agencies might be expected to have reservations about freely releasing information to convicted felons, a population not unknown to run scams from behind bars. The Court therefore finds, as a matter of law, that TransUnion acted not unreasonably in demanding proof of Plaintiff's identity. Because Plaintiff did not provide the requested information, TransUnion had no obligation to send Plaintiff his credit reports. It would seem that Plaintiff's dispute lies with the FCRA statute itself, and not the credit reporting companies.

In sum, the Court concludes that Plaintiff has not stated a claim under the FCRA. His complaint is therefore dismissed without prejudice. Although there is no apparent basis for correcting the pleading deficiency, Plaintiff has until the above specified date to submit an amended complaint on the Court's required form. Plaintiff is advised that dismissal for failure to state a claim will result in the assessment of a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Id.*

Finally, Plaintiff's motions for recruitment of counsel and for service of process at government expense are denied at this time as premature.

Date: December 22, 2015